**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:24-CR-00185-DMT-1 |
| | ) | |
| GUNNAR JAMES EBERT | ) | |

**UNOPPOSED MOTION TO CONTINUE CHANGE OF PLEA HEARING**

Mr. GUNNAR JAMES EBERT, pursuant to 18 U.S.C. § 3161, respectfully moves this Court to continue the change of plea hearing presently scheduled for May 12, 2025, and all associated deadlines and hearings to a date later in May.

**I.    Relevant Procedural History**

On October 10, 2024, undersigned counsel filed a Notice of Appearance. (ECF No. 12.) On October 30, 2024, a grand jury indicted Mr. Ebert for being a drug user in possession of firearms in violation of 18 U.S.C. § 922(g)(3) (Count One). (Indict., ECF No. 22.) On November 8, 2024, this Court set a trial for December 3, 2024. (Not. H'rg., ECF No. 26.) On March 21, 2025, this Court set a change of plea hearing for April 7, 2025. (Not. H'rg., ECF No. 40.) On March 7, 2025, this Court reset the change of plea hearing for May 12, 2025. (Not. H'rg., ECF No. 40.)

1

## II.    Factual Assertions

Ms. Spearman has an unavoidable personal conflict (which can be disclosed to the Court *in camera*) that prevents her from appearing in person on May 12, 2025. Ms. Spearman is available to participate in the hearing via video teleconference should the Court be amenable.

Ms. Spearman is available May 16, 18, 21–23, 26–30. Ms. Spearman is further available throughout June 2025. Ms. Spearman sincerely apologizes for any inconvenience to the Court and has already discussed the hopeful rescheduling with Mr. Ebert, who consents to this rescheduling.

## III.    Memorandum of Law and Argument

The Speedy Trial Act, 18 U.S.C. § 3161, et seq., excludes from the time in which a trial must commence:

> …[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant . . ., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial….The factors, among others, which [this Court] shall consider in determining whether to grant a continuance [include] . . . [w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant or . . . the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(A); (B)(iv).  Mr. Ebert submits that the instant continuance serves the ends of justice and outweighs his and the public's interest in a speedy trial.

**IV.    Opposing Party's Position**

The Government <u>does not</u> oppose this request.

**V.    Conclusion**

Based on the preceding assertions and argument, Mr. Ebert prays that this

Court continue the change of plea hearing to a date agreeable to all parties,

ideally later in May 2025.

Date:        May 7, 2025

Respectfully submitted,

<u>*s/ Katryna Lyn Spearman*</u>
Katryna Lyn Spearman, Esq.
Ga. Bar # 616038
kspearman@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St. NW, Ste. 3650
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

Attorney for Defendant
Gunnar James Ebert